# WHITE & WOLNERMAN, PLLC
Attorneys at Law

Direct Dial: (212) 308-0603
e-mail: dwolnerman@wwlawgroup.com

June 4, 2024

The Honorable David S. Jones
Courtroom 701
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:   *In re Q.Y. Tang Hwa Yuan Inc.*, Chapter 11
             <u>Case No. 23-11730 (DSJ) (S.D.N.Y.)</u>

To Judge Jones:

      This firm is Chapter 11 bankruptcy counsel to Q.Y. Tang's Hwa Yuan, Inc. (the "Debtor") in the above referenced Chapter 11 proceeding. In accordance with Section (C)(i) of General Order M-634, dated May 31, 2024 (Glenn, C.J.), request is hereby made for the Court to schedule a conference to consider the Debtor's request for a combined hearing (the "Combined Hearing") on confirmation of the to-be-filed amended Chapter 11 Plan and approval of the accompanying Disclosure Statement. Alternatively, the Debtor requests, pursuant to Section (C)(ii) of General Order M-634, that the Court authorize the Combined Hearing without the necessity of a conference.

      The Debtor is pleased to inform the Court that the Debtor and Owemanco Mortgage NY Limited Partnership (the "Lender") have entered into a Term Sheet (the "Term Sheet") providing for the consensual resolution of all issues between the parties. The Term Sheet paves the way for the Debtor (together with the Lender) to propose an amended Chapter 11 plan which will, in addition to resolving all claims by and among the Debtor and Lender, provide for the payment, in full on the effective date of the plan, of all other claims against the Debtor's estate.

      Under the circumstances of this case, the Debtor submits that it is appropriate to conduct a Combined Hearing. The Lender is a co-proponent of the plan and consents to the treatment provided to the Lender under the plan. Pursuant to the Debtor's amended plan, as all other creditors will be paid in full on the effective date of the plan, there is no class of creditors that is entitled to vote on the plan. All such creditors are deemed to accept the plan. The Debtor's sole

1

# WHITE & WOLNERMAN, PLLC
Attorneys at Law

equity holder is deemed to reject the plan. Given that the purpose of a disclosure statement is to provide parties in interest with sufficient information to enable it to make an informed decision in respect of voting on the plan, where (as here) no parties will be voting on the plan a Combined Hearing is appropriate.

In accordance with Section (C)(i) of General Order M-634, the Debtor further submits as follows:

(A) As noted above, no class of creditors is entitled to vote under the Debtor's anticipated amended plan. The Debtor's sole equity holder is the only party impaired under the amended plan. The Debtor intends to confirm the amended plan pursuant to 11 U.S.C. § 1129(b) as being fair and equitable and not discriminating unfairly in respect of the holder of this insider equity claim (who also consents to the amended plan).

(B) The amended plan does not contemplate any non-debtor, third-party releases or injunctions.

(C) The plan's treatment of holders of claims/interests does not depend on how such parties vote on the plan.

(D) The plan contemplates a global settlement by and among the Debtor, its related tenants, the Lender and the Debtor's principal. As part of this global settlement, the Debtor's property will be transferred to the Lender (or such other party as designated by the Lender) and the Debtor's tenants will enter into amended leases with the new owner of the property. Pursuant to the amended leases, rent otherwise owed to the new owner under the pre-amendment leases will be waived under the amended leases.

(E) No claims will be settled under the plan without consent or by deemed consent.

(F) The Debtor does not seek to expedite or limit the solicitation of the disclosure statement or confirmation of the plan.

2

# WHITE & WOLNERMAN, PLLC

Attorneys at Law

    (G)    The Debtor is only seeking a Combined Hearing and is not seeking conditional approval of the disclosure statement.

The Debtor thanks the Court in advance for its consideration of this request.

Sincerely,

David Wolnerman

cc:    Eric Wainer, Esq. (via email and ECF)
       Tara Tiantian, Esq. (via email and ECF)